# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7150 | **DATE** | 6/19/2003 |
| **CASE TITLE** | MCI WORLDCOM vs. KRAMER TREE SPECIALISTS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment on the issue of loss of use damages [28-1] is denied. Because defendant does not contest liability and no jury demand has been filed, the trial set on July 2, 2003 is vacated. Plaintiff shall submit its damages prove-up memorandum and supporting evidence by July 2, 2003; defendants shall file their response and evidence by July 11, 2003. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 2 0 2003 date docketed | |
| | Notified counsel by telephone. | | 41 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/19/2003 date mailed notice | |
| CB courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MCI WORLDCOM NETWORK SERVICES, INC., | ) )  ) No. 02 C 7150 |
| Plaintiff, | ) ) Suzanne B. Conlon, Judge |
| v. | ) ) |
| KRAMER TREE SPECIALISTS INCORPORATED, | ) ) ) |
| Defendant. | ) |

DOCKETED
JUN 2 0 2003

## MEMORANDUM OPINION AND ORDER

In this diversity action, MCI WorldCom Network Services, Inc. ("MCI") sues Kramer Tree Specialists Incorporated ("Kramer") for trespass and negligence in connection with Kramer's severance of an MCI fiber optic telecommunications cable on September 15, 2001. Kramer does not dispute liability, but moves for summary judgment pursuant to Fed. R. Civ. P. 56 on MCI's request for loss of use damages.

## BACKGROUND

### I.   Local Rule 56.1

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. Local Rule 56.1 provides:

> If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response.

Local Rule 56.1(a). "All material facts set forth in the statement filed pursuant to section (b)(3)(B) will be deemed admitted unless controverted by the statement of the moving party." *Id.* Kramer failed to respond to MCI's statement of additional facts. Pursuant to Local Rule 56.1(a), MCI's additional facts are deemed admitted.

1

41

## II. Facts

All facts are undisputed unless otherwise noted. MCI is a Delaware corporation with its principal place of business in Mississippi. MCI provides telecommunications services to individual and commercial customers. Kramer is an Illinois corporation with its principal place of business in Illinois.

On September 15, 2001, Kramer severed an MCI fiber optic telecommunications cable. The ancillary equipment supporting the cable was not damaged. MCI was able to reroute a portion of the telecommunications traffic carried on the severed cable. However, MCI was unable to reroute eight systems on its long distance network. Specifically, MCI was unable to reroute seven 1.8 Gbs async systems with a capacity of 242 DS-3s[1] and one OC-192 Optera system with a capacity of 192 DS-3s. Another 43 DS-3 circuits were interrupted on MCI's local network. MCI restored service within 4.85 hours after Kramer severed the cable. In the interim, 16,668 switched calls were blocked due to the interruption in service.

MCI spent $13,212.00 to repair the cable. In addition, MCI requests $307,847.35 in damages for loss of use of its long distance network systems.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a

---

[1] A DS-3 is a unit measuring capacity equal to 672 individual voice calls or data equivalent.

2

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. Choice of Law

A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In deciding choice of law questions in tort cases, Illinois courts use the most significant contacts approach of the Restatement (Second) of Conflict of Laws. *Wreglesworth v. Arctco, Inc.*, 316 Ill. App. 3d 1023, 1031, 738 N.E.2d 964, 971 (1st Dist. 2000). Specifically, "Illinois courts apply the local law of the place of the injury unless Illinois has a more significant relationship with the occurrence and with the parties." *Id.*, quoting *Vockrey v. Caterpillar Tractor Co.*, 146 Ill. App. 3d 1023, 1025, 497 N.E.2d 814, 816 (4th Dist. 1986). The parties do not dispute that Illinois law applies to MCI's claims.

## III. Loss of Use Damages

Kramer first argues MCI cannot recover for loss of DS-3 capacity because the ancillary equipment providing the DS-3 capacity was not damaged. However, Kramer fails to explain how MCI could use the DS-3s generated by the ancillary equipment without a fully functioning cable. Indeed, it is undisputed that MCI was unable to use seven 1.8 Gbs async systems with a capacity of 242 DS-3s and one OC-192 Optera system with a capacity of 192 DS-3s because of the severed cable. Therefore, MCI may recover for the DS-3 loss caused by the severed cable.

Kramer next argues that MCI's request for loss of use damages based on leasing alternative DS-3 capacity from Ameritech is unreasonable and speculative. "In Illinois, damages for loss of use are generally allowed where the plaintiff has been deprived of the use of personal property." *Nisbet v. Yelnick*, 124 Ill. App. 3d 466, 471, 464 N.E.2d 781, 784 (1st Dist. 1984). The measure of damages is the reasonable rental value of similar property for the period of deprivation. *Id.* Kramer does not offer any evidence that Ameritech's rates are unreasonable. Rather, Kramer argues courts in other states refused to award loss of use damages under similar circumstances. Motion at 3-5, *citing MCI WorldCom Network Services, Inc. v. Lind*, No. 00-4407-CIV Jordan (S.D. Fla. 2002)(Exhibit A);

3

*MCI v. Mastec, Inc.*, No. 01-2059-CIV (S.D. Fla. 2003)(Exhibit B); *MCI WorldCom Network Services, Inc. v. Morris Plumbing*, No. 00-4250-CIV (S.D. Fla. 2003)(Exhibit C); *MCI WorldCom Network Services Inc. v. OSP Consultants Inc.*, No. 01-105-A (E.D. Va. 2002)(Exhibit D). In each of the cited cases, the court applied the law of the state in which it sits. *Id.* Therefore, the cited decisions are neither binding nor instructive as to the proper measure of damages under Illinois law.

Nevertheless, Kramer argues MCI is not entitled to loss of use because it "made no effort to contact any telecommunications companies to replace the DS-3 capacity lost in the occurrence." Motion at 3. Illinois courts routinely allow loss of use damages even when the plaintiff fails to rent substitute chattel. *See McCabe v. Chicago & Northwestern R.R. Co.*, 215 Ill. App. 99, 1919 WL 1689 (1st Dist. 1919)(plaintiff was permitted to recover damages for defendant's unreasonable delay in shipping a vehicle based on the reasonable rental value of a similar vehicle even though the plaintiff did not rent a replacement vehicle); *Fairchild v. Keene*, 93 Ill. App. 3d 23, 24, 416 N.E.2d 478, 476 (4th Dist. 1981)(reasonable rental expenses of substitute chattel was properly considered by the jury as an element of plaintiff's damages even though plaintiff did not show rental of temporary replacement); *Gent v. Collinsville Volkswagen, Inc.*, 116 Ill. App. 3d 496, 503-04, 451 N.E.2d 1385, 1390 (5th Dist. 1983)(same). Therefore, MCI was not required to seek substitute DS-3 capacity to recover loss of use damages.

Kramer's reliance on *International Harvester Credit Corp. v. Helland*, 151 Ill. App. 3d 848, 503 N.E.2d 548 (2d Dist. 1986), does not change this result. In *Harvester*, the court found the plaintiff was not entitled to loss of use damages based on reasonable rental value because the plaintiff was not using and did not intend to use the property at the time of the deprivation. *Id.* at 859, 503 N.E.2d at 555. The *Harvester* court further found that "[a] party should not be entitled to recover full rental value for the loss of use of certain property when the injured party had other property in his stock which was not available for rent to the public and which could have performed the same function." *Id.* at 858, 503 N.E.2d at 555. Here, MCI was using the fiber optic cable to provide service to its customers at the time of severance. More importantly, MCI was unable to reroute eight systems on its long distance network to alternative sources, including its own

4

restoration system. As a result, 16,668 switched calls were blocked due to the interruption in service. Under *International Harvester*, MCI is entitled to recover loss of use damages based on reasonable rental value for Kramer's severance of its fiber optic cable.

Finally, MCI was not required to lose revenue or business before seeking loss of use damages. In *McCabe*, the court held:

> we think it clear that the plaintiff was entitled to recover for the wrongful detention
>
> of his car and this, too, even though he sustained no pecuniary loss.

*McCabe*, 1919 WL 1689 at *3. Absent legal authority to the contrary, MCI is entitled to recover loss of use damages without showing loss of revenue or business.

## CONCLUSION

Kramer fails to establish MCI is not entitled to loss of use damages as a matter of law. Therefore, Kramer's summary judgment motion must be denied.

June 19, 2003

ENTER:

Suzanne B. Conlon
United States District Judge